Stewart, J.
The corporation assigned numerous errors in this court, but in its brief states that the appeal presents three questions of law.
The first question relates to a claim of the corporation that the dismissal of its application by the commission, upon the ground that the corporation failed to establish the valuation of its plant and property used and useful in the rendition of public utility service as of the date certain, is -unlawful, in that the commission did not have the power to dismiss the application for increased rates for failure of proof, and is arbitrary, unreasonable and contrary to the evidence. This objection is directed to the following holding of the commission, as set forth in its order after rehearing:
*387 “It is here to he noted further that there are three different units of central office equipment comingled together in applicant’s proposed valuation. The first unit was included in applicant’s basic plant valuation, i. e., the reproduction cost new valuation found by this commission in case No. 20691, and included the common battery equipment in the Mt. Vernon central office which was later replaced by dial facilities during the period between December 31, 1948, and December 31, 1952. The second unit was included in the net additions for the years 1949, 1950, 1951 and 1952, also used in the application and consisted in part of the aforesaid first dial equipment which was later destroyed by fire. The third unit was included in the plant and property observed by applicant’s witness King to establish • the per cent condition (i. e., the depreciation percentage to be applied in the instant case), and was the dial equipment which was installed in the Mt. Vernon exchange subsequent to the fire along with other replacements occasioned by the fire loss, such equipment having been installed during May and June 1953.
< < # # *
“The Ohio law contemplates the fixing of plant valuation for rate making purposes on the reproduction cost new less observed depreciation of the same plant and property that is actually in use and useful on the date certain. Certainly the statutes do not intend that a company, for rate-making purposes, start with the value of one kind of property, bring it up to the date certain by adding net additions which include the cost of another kind of property, and finally deduct from this valuation a depreciation figure that was determined or tested by observing another, or third kind of property.
“Under the facts and circumstances herein, the commission cannot possibly determine the observed depre *388 ciation of that portion of applicant’s plant and property which was destroyed by fire on May 1953, simply because there was no opportunity afforded to the commission’s staff, the protestants, or applicant, to make an observed depreciation study of that property. Depreciation must be observed depreciation and, while the commission did not make a detailed study of observed depreciation, the fact remains that even if the commission had undertaken an observed depreciation study, it could not have determined the observed depreciation on the plant and property destroyed by fire.
“Under the facts and circumstances herein, the commission can not possibly comply with aforesaid Section 499-9 and arrive at the valuation because of the paucity of evidence proffered by applicant.
“The company has the burden of proving its reproduction cost new less observed depreciation valuation of its property used and useful in the rendition of telephone service as of the date certain and they cannot now complain when the commission finds they have failed to sustain their burden of proof.”
It is urged by the corporation that it was the duty of the commission to investigate the application, make a determination of the reasonableness of existing rates and, if the existing rates were found insufficient, of the proposed rates, and, if necessary, under the broad powers given by statute to the commission, to obtain additional facts either by an investigation of its own or by further hearings; and that it had no authority to dismiss the application.
Reference is made to Section 4909.07, Revised Code, the pertinent part of which is as follows:
“The Public Utilities Commission, during the making of the valuation provided for in Sections 4909.04 to 4909.13, inclusive, of the Revised Code, and after its completion, shall in like manner keep itself informed through its engineers, experts, and other as *389 sistants of all extensions, improvements, or other changes in the condition and value of the property of all public utilities or railroads and shall ascertain the value of such extensions, improvements, and changes.”
Reliance is also placed by the corporation on the cases of Kent Water & Light Co. v. Public Utilities Commission, 97 Ohio St., 321, 119 N. E., 731, and Cincinnati & Suburban Bell Telephone Co. v. Public Utilities Commission, 107 Ohio St., 370, 140 N. E., 86. Each of those cases is authority for the commission to exercise its continuing jurisdiction and to establish or reestablish rates following reversals by the Supreme Court of the commission’s previous orders.
There is no doubt that the commission has continuing jurisdiction, as claimed by the corporation, and that in a proper ease it should exercise such jurisdiction.
In the present case it should be borne in mind that the corporation determined the date certain with full knowledge of the difficulty of establishing the value on that date of its property used and useful, since a substantial portion of such property had thereafter been totally destroyed. An order by the commission under such circumstances would have required mere conjecture on its part, and no examination by its engineers or accountants could have established the value of the central plant as an operating part of the telephone system after such total destruction. An order as to the proper annual rate of depreciation for each class of property will necessarily be based upon the testimony of qualified experts as to the probable length of its useful life. In calculating such probable length of useful life, observed depreciation is a factor to be considered. Paragraph 15 of the syllabus in City of Cincinnati v. Public Utilities Commission, 151 Ohio St., 353, 86 N. E. (2d), 10.
The commission’s refusal to establish as part of the *390 rate base a valuation of property claimed to be used and useful in the rendering of service to the public is not unreasonable, where such property no longer exists and can not be observed or subjected to the usual tests for wear and tear, obsolescence, or change of the arts.
The second question presented by the corporation arises from a claim that the dismissal by the commission, upon the ground that the corporation failed to establish a reasonable return to which it may be entitled, is arbitrary, unreasonable, and contrary to the law and the evidence.
The holding upon this matter is as follows:
“Moreover, even if the company had established the valuation contemplated by Section 499-9, General Code, it has failed to offer sufficient proof to enable this commission to determine what would be reasonable rates and charges, or what would be the fair rate of return, to which this company should be entitled. In the instant case, applicant relied solely on the testimony of its‘president to establish the cost of money and the reasonable return to which this company was entitled. It is the opinion of this commission that applicant should have introduced further evidence to support the cost of money based upon its actual capital structure together with further evidence to establish the fair return, or rate of return, to which this company may properly be entitled. It is the judgment of this commission that an applicant company in a rate case to properly maintain the burden of proof should produce convincing evidence with respect to the maintenance of its appropriate credit and that without such competent evidence before it, it is difficult, if not impossible, for a regulatory body such as this commission to reach an informed judgment on the fundamental issue of reasonable return. Accordingly, it is the opinion of this commission that *391 the record of this case does not contain sufficient supporting testimony and evidence to establish a reasonable return, or rate of return, to which this company may be entitled.”
An examination of the record shows that the only testimony with reference to the cost of money and the reasonable return to which the corporation is entitled was that by the president of the corporation, and, although he had wide experience in financing affiliated corporations, his testimony was substantially confined to the financing of the applicant corporation.
We can not find that the order of the commission is unreasonable in holding that there was an insufficient quantum of proof with reference to this subject, or that the commission abused its discretion in so holding.
The third question presented by the corporation is based on its claim that the commission’s order does not include a finding of fact and written opinions upon which such order can be based, as required by Section 4903.09, Revised Code.
In the present case, the order, after rehearing, and the dissenting opinion fully cover the evidence on which the commission based its order and fully set forth the reasons therefor.
. Opportunity was granted the corporation between the time of the first order and the order after rehearing to suggest to the commission a continuance so that additional evidence might be offered. Although a rehearing was granted by the commission on the ground of one of the assigned errors, the order after rehearing was made on the same evidence as the original order.
Since this court is not the Public Utilities Commission, and an appeal from the commission is limited to a consideration of whether the order of the commission is unreasonable or unlawful, we can find nothing *392 in the record in this ease showing that the order of the commission is unreasonable or unlawful.
It is urged by the corporation that, by reason of the delay to which it is being put, its property is subjected to “day by day confiscation.” It has statutory authority to apply for interim and emergency rates, but its hardship under the present order of the commission is not a basis for this court to require an order as to a rate not supported by the required quantum of evidence.
The order of the commission is affirmed.

Order affirmed.

Weygandt, C. J., Matthias, Hart, Zimmerman, Bell and Taet, JJ., concur.